# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

```
                                    FILED
                            U.S. DISTRICT COURT
                            DISTRICT OF COLORADO

                              2019 OCT 18 PM 12:37

                              JEFFREY P. COLWELL
                                    CLERK

                            BY_____DEP. CLK
```

Harry and Elham Saleh

Plaintiffs                          Civil Action No._____

v.

Silco Oil Company                   '19 - CV - 02973

Defendant

## COMPLAINT

## I. PARTIES

1.) Plaintiffs Harry and Elham Saleh are residents of the State of Colorado and purchasers of a property located at 700 Dayton Street, Aurora, Colorado 80010.

2.) Defendant Silco Oil Company is a corporation with offices located at 181 E. 56th Avenue, Suite 502, Denver, Colorado 80216 and the seller of the property at 700 Dayton Street, Aurora, Colorado 80010.

## II. JURISDICTION and VENUE

3.) Jurisdiction in this action is based upon the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) 42 U.S.C. 9607 and 42 U.S.C. 9607 (a) (3) and 42 U.S.C. 9613(f). Pursuant to CERCLA Plaintiffs are entitled to recover response costs from any person or company who is potentially liable for the contamination of the environment. Venue is proper because the real property that is the subject matter of this lawsuit is located in the District of Colorado.

## III. STATEMENT OF FACTS

4.) On May 1, 1998 Plaintiffs Harry and Elham Saleh purchased 700 Dayton Street, Aurora, Colorado from Defendant Silco Oil Company.

5.) On June 19, 2019 a 560-gallon underground storage tank was discovered buried in the southwest corner of 700 Dayton by RTS Environmental Services (RTS). According to the Colorado Storage Tank Information System (COSTIS) the 560-gallon waste oil tank was listed as having been previously closed by Silco Oil Company. However, the buried underground storage tank was not closed in accordance with Colorado regulations. The waste oil tank contained 480 gallons of used oil with hazardous waste characteristics as defined by EPA standards. Defendant Silco Oil Company's tank was over-flowing and leaking from the tank contaminating the soil and groundwater at 700 Dayton Street, Aurora, Colorado.

6.) Plaintiffs Harry and Elham Saleh had the Silco Oil Company underground storage tank and the contaminants removed from 700 Dayton. During the remediation process it was discovered that there was a drainage system from inside the convenience store to the underground storage tank. Upon further investigation it was determined that the drain had been covered over with concrete preventing the discovery of the underground storage tank.

7.) Prior to the sale of 700 Dayton the existence of the underground storage tank and its' contents were not disclosed by Silco Oil Company to Harry and Elham Saleh. Silco Oil Company's closure of the underground storage tank without removing the contaminants violated the Colorado Department of Labor and Employment-Division of Oil and Public Safety (CDLE-OPS) rules and regulations.

8.) From May 1, 1998 until the present time Harry and Elham Saleh did not use the underground storage tank for any purpose. Prior to June 19, 2019 Harry and Elham Saleh were not aware of the existence of the underground storage tank or that its contents were being released into the environment in violation of both state and federal law.

9.) Due to the existence of Silco Oil Company's underground storage tank Harry and Elham Saleh have gone to considerable expense to remove Silco Oil Company's underground storage tank, monitor the effects of the contamination, and, remediate the property.

10.) Based upon the discovery of Silco Oil Company's underground storage tank and required remediation work the property value or re-sale value of 700 Dayton has been substantially diminished.

## IV. CERCLA

11.) Prior to the sale of 700 Dayton to Harry and Elham Saleh Silco Oil Company owned the property and reported to the State of Colorado that it had closed its underground storage tank. This closure violated the Colorado Underground Tank Storage Act C.R.S. 25-18-101 et. seq. because the Defendant Silco Oil Company continued to use the underground tank for storage of contaminants that were released into the environment.

12.) Under CERCLA property owners or operators who accept for disposal or transportation used waste oil or other hazardous substances are strictly liable for response and remediation costs. Silco Oil Company as a prior property owner is a responsible person under CERCLA.

13.) Plaintiffs Harry and Elham Saleh are entitled to recover response and remediation costs from any person or company who is liable or potentially liable under CERCLA 107(2), 42 U.S.C. 9607(a).

14.) Plaintiffs Harry and Elham Saleh have suffered substantial monetary damages as a result of Defendant Silco Oil's actions.

## V. NUISANCE

15.) Defendant Silco Oil Company's underground storage tank constitutes a nuisance under Colorado law.

16.) Defendant Silco Oil Company's failure to disclose or remove the underground storage tank at 700 Dayton is a continuing nuisance and trespass on Plaintiffs' property.

17.) Defendant Silco Oil Company's underground storage tank interferes with Plaintiffs' right to use the property for commercial purposes that were contemplated and intended at the time of the sale and known to the Defendant Silco Oil Company.

18.) Plaintiffs Harry and Elham Saleh have suffered substantial monetary damages as a result of Defendant Silco Oil's actions.

## VI. TRESPASS

19.) Defendant Silco Oil Company's underground storage tank constitutes a trespass on Plaintiffs' property under Colorado law.

20.) Defendant Silco Oil Company's failure to disclose or remove the underground storage tank at 700 Dayton is a continuing trespass on Plaintiffs' property.

21.) Defendant Silco Oil Company's underground storage tank interferes with Plaintiffs' right to use the property for commercial purposes that were contemplated and intended at the time of the sale and known to the Defendant Silco Oil Company.

22.) Defendant Silco Oil Company's underground storage tank is a continuing intrusion and trespass on to Plaintiffs' property without the knowledge or consent, either expressed or implied, of the owners Plaintiffs Harry and Elham Saleh.

23.) Plaintiffs Harry and Elham Saleh have suffered substantial monetary damages as a result of Defendant Silco Oil's actions.

## VII. NEGLIGENT NONDISCLOSURE

24.) Prior to the sale of 700 Dayton to Plaintiffs Harry and Elham Saleh Defendant Silco Oil Company owned the property and reported to the State of Colorado that it had closed its underground storage tank. This closure violated the Colorado Underground Tank Storage Act C.R.S. 25-18-101 et. seq. because the Defendant continued to use the underground tank for storage of contaminants that were released into the environment and at the same time falsely represented to the State of Colorado that the underground storage tank would no longer be used for any purpose.

25.) At the time of the sale Defendant Silco Oil Company knew or should have known that its' failure to disclose the existence of the underground storage tank was a material fact that would have resulted in a cancellation or substantial modification of the sale on the terms set forth in the contract.

26.) At the time of sale Defendant Silco Oil Company knew or should have known that Plaintiifs could not continue to operate the business at 700 Dayton in compliance with Colorado law unless the contents of the underground storage tank were removed and the closure of the underground storage tank was done in compliance with the Colorado Underground Storage Act C.R.S. 25-18-101.

27.) Section 551 (2) (b) of the Restatement of Torts creates a duty to disclose "matters known [to a party] that he knows to be necessary to prevent his partial or ambiguous statement of facts from being misleading". Defendant Silco Oil Company did not tell the whole truth about the property or disclose the existence of an underground storage tank that had been sealed under concrete and could not be found by reasonable person inspecting the property.

28.) Plaintiffs Harry and Elham Saleh have suffered substantial monetary damages as a result of Defendant Silco Oil Company's negligent or intentional failure to disclose the existence of the underground storage tank prior to the sale of the property.

## VIII. DAMAGES

Plaintiffs Harry and Elham Saleh respectfully request the Court award the following in damages:

A.) An amount necessary to compensate Plaintiffs for the response and remediation costs incurred by Plaintiffs at 700 Dayton, Aurora, Colorado.

B.) An amount necessary to compensate Plaintiffs for the diminution in the value of their property at 700 Dayton, Aurora, Colorado.

C.) An amount necessary to compensate Plaintiffs for the loss of rental income at 700 Dayton, Aurora, Colorado.

D.) An award of attorneys' fees, costs, and interest.

E.) Any other relief deemed necessary or appropriate by the Court.

Respectfully Submitted,

_____
Harry Saleh

_____
Elham Saleh

7746 Lebrun Court

Lone Tree, CO 80124

hawkemanagementcorp@gmail.com

Plaintiffs Pro Se

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Harry & Elham Saleh

## DEFENDANTS
Silco Oil Company

**(b)** County of Residence of First Listed Plaintiff: **Douglas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Adams**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Harry Saleh hawkemanagementcorp@gmail.com
7746 Lebrun Ct. Lone Tree, CO 80124

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☒ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 9607
Brief description of cause:
Environmental damage to property

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE
DOCKET NUMBER

DATE: 10/17/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____