IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02973-PAB-NRN

HARRY SALEH and
ELHAM SALEH,

      Plaintiffs,

v.

SILCO OIL COMPANY,

      Defendant.

_____

**ORDER**
_____

      This matter is before the Court on the Report and Recommendation on Defendant's Motion to Substitute Plaintiff [Docket No. 24] filed on May 14, 2020. Magistrate Judge N. Reid Neureiter recommends that Defendant's Motion to Substitute Plaintiff [Docket No. 17] be granted.  Docket No. 24 at 5.  On May 27, 2020, plaintiffs objected to the magistrate judge's recommendation.  Docket No. 25.[1]  Defendant responded on June 10, 2020, *see* Docket No. 28, to which plaintiffs replied on June 25, 2020.  Docket No. 30.  Upon order of the Court, *see* Docket No. 31, defendant filed a surreply on July 7, 2020.  Docket No. 32.

**I.  BACKGROUND**

      The background facts have been set forth in the magistrate judge's

_____

      [1] On May 28, 2020, plaintiffs filed second objections [Docket No. 26] which appear to be identical to their first objections.  Thus, the Court considers only plaintiffs' first objections in ruling on the magistrate judge's recommendation.

recommendation and will not be repeated here except as relevant to resolving plaintiffs'
objections.  This action arises out of plaintiffs' purchase of real property from defendant
in 1998.  Docket No. 1 at 2, ¶ 4.  Plaintiffs allege that, in June 2019, a 560-gallon
underground oil tank was found underneath the property.  *Id.*, ¶ 5.  Plaintiffs allege that
defendant did not inform them of the existence of the storage tank, *id.*, ¶ 7, and assert
that they have gone to considerable expense to remove the oil tank and remediate the
property.  *Id.*, ¶ 9.

On February 11, 2020, defendant filed the motion to substitute the plaintiffs.
Docket No. 17.  Defendant asserts that the Elham Saleh Living Trust ("the Trust") has
owned the property at issue since October 15, 2003, and argues that the Trust, rather
than plaintiffs, must prosecute this action as the real party in interest.  *Id.* at 2.
Defendant seeks a court order substituting the Trust as plaintiff in this action.  *Id.*  On
May 14, 2020, Magistrate Judge Neureiter issued a recommendation recommending
that the Court grant defendant's motion.  Docket No. 24 at 5.  Specifically, the
magistrate judge noted that the plaintiffs have stipulated that the "[r]ecord title to the
property commonly known as 700 Dayton St., Aurora, CO 80010 has been vested in
the Elham Saleh Living Trust since October 15, 2003."  *Id.* at 3 (quoting Docket No. 16
at 3).  In addition, the magistrate judge noted that plaintiffs have conceded that title to
the property was not transferred back to plaintiffs "until February 11, 2020, almost four
months after the Complaint was filed."  *Id.*  Accordingly, the magistrate judge concluded
that, because the injuries related to plaintiffs' CERCLA, nuisance, and trespass claims
were realized by the Trust, not plaintiffs, the Trust is the real party in interest to those

2

claims and is the party that must prosecute those claims.  *Id.* at 3-4.  Plaintiffs object to the magistrate judge's recommendation.  Docket No. 25.

## II.  LEGAL STANDARD

Under Rule 17 of the Federal Rules of Civil Procedure, "[a]n action must be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  "Under Colorado law, '[t]he real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question.'"  *King Airway Co v. Public Trustee of Routt Cty., Colo.*, 1997 WL 186256, at *4 (10th Cir. Apr. 17, 1997) (unpublished) (quoting *Steiger v. Burroughs*, 878 P.2d 131, 135 (Colo. App. 1994)).  In issues involving real property, the "real party in interest" under Colorado law is "who holds the legal title" to the property in question.  *Koch v. Story*, 107 P. 1093, 1095 (Colo. 1910).

When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter,[2] the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been

---

[2] Motions to substitute parties are non-dispositive motions. *See Finova Capital Corp. v. Lawrence*, 2000 WL 1808276, at *1 n.1 (N.D. Tex. Dec. 8, 2000) ("A motion to substitute parties is a non-dispositive pretrial matter that can be determined by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)."); *see also Sizemore v. Producers Co-op. Co.*, 2011 WL 4369088, at *1 n.2 (N.D. Iowa Sept. 19, 2011) ("Non-dispositive motions include, *inter alia*: . . . motions to add or substitute parties.").

committed.'"  *Ocelot Oil  Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.  ANALYSIS

Plaintiffs raise two specific objections to the magistrate judge's recommendation.
First, plaintiffs claim that the magistrate judge made an incorrect factual finding
regarding the real party in interest.  Docket No. 25 at 2.  In finding that the Trust is the
real party in interest in this case, the magistrate judge noted that, "in 2019, the Trust,
not Plaintiffs, sought and received from the Colorado Department of Labor and
Employment, Division of Oil and Public Safety's ('OPS') Petroleum Storage Tank Fund
total reimbursement in the amount of $10,500.00 paid 'toward Tank Removal Costs for
Owner.'"  Docket No. 24 at 4 (quoting Docket No. 17-2).  Plaintiffs argue that this is
inaccurate, asserting that the reimbursement was sought by a company named Eagle
Consulting and by plaintiffs' son, Anes Saleh, and that plaintiffs received and deposited
the reimbursement funds into their personal bank account.  Docket No. 25 at 2.
However, plaintiffs provide no documentation corroborating these claims.  *See id.*  In
contrast, defendant submitted a letter that OPS sent to "Elham Saleh Living Trust, Attn:
Anes Saleh, C/O Eagle Environmental Consulting Inc.," which "acknowledges the
completion of the intake process of *your* application for reimbursement from Colorado's
Petroleum Storage Tank Fund."  Docket No. 17-1 at 1 (emphasis added).  While the
letter is to the attention of plaintiffs' son and to the care of Eagle Environmental
Consulting, it appears to demonstrate that the Trust itself had applied for the
reimbursement in its own name.   In addition, defendant submitted an OPS Incentive

4

Payment Report indicating that, "[i]n accordance with Policy 29, between the Petroleum Storage Tank Committee and Elham Saleh Living Trust covering Tank Removal Costs," the Trust received $10,500.00 in reimbursement funds from OPS.  Docket No. 17-2. Plaintiffs do not challenge the validity of these documents or argue that it was error for the magistrate judge to rely on the documents.  Accordingly, the Court will overrule plaintiffs' objection.

Second, plaintiffs take issue with the magistrate judge's suggestion that plaintiffs named themselves, rather than the Trust, as plaintiffs because, while individuals can proceed in federal court *pro se*, as plaintiffs are, trusts cannot.  Docket No. 25 at 2 ("The fact that Plaintiffs are pro se is not a valid reason to require the Trust be named as party.").  But contrary to plaintiffs' assertion, *see id.*, the magistrate judge did not base his recommendation on the fact that plaintiffs are proceeding *pro se* in this matter. Instead, the magistrate judge's recommendation is based on the legal conclusion that the Trust is the real party in interest in this case.  *See* Docket No. 24 at 4-5.  Plaintiffs have not provided legal authority demonstrating that a statement made in the magistrate judge's recommendation that does not serve as the legal basis for the recommendation warrants rejecting the recommendation.  The Court will overrule this objection.

Plaintiffs raise various other arguments that are directed, not at the magistrate judge's recommendation, but at defendant's motion to substitute.  *See* Docket No. 25 at 1-2 (challenging defendant's arguments and the legal authority defendant relies upon). However, plaintiffs made these arguments verbatim in their response to defendant's

motion.  *See* Docket No. 20 at 2-3.  In objecting to the magistrate judge's recommendation, plaintiffs must raise specific arguments addressing purported errors in the recommendation; plaintiffs may not reiterate its identical arguments hoping to get a different outcome.  *See Vester v. Asset Acceptance, L.L.C.*, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) ("An 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers.").  Accordingly, the Court does not entertain these arguments.

In their reply, plaintiffs assert that "the Magistrate's Recommendation is now moot and there is no need for the Court to further consider the Magistrate's Recommendation."  Docket No. 30 at 1.  Specifically, plaintiffs state that "the Trust transferred its interest in the litigation to the individuals Harry and Elham Saleh" so that they could proceed as plaintiffs in this case.  *Id.*  Attached to their reply is an Assignment of Claim for Damages in which the Trust purports to assign its interest in the litigation to plaintiffs.  Docket No. 30 at 3.

The Court ordered defendant to file a surreply to respond to plaintiffs' contentions.  Docket No. 31.  Defendant argues that the assignment does not cure the defect of plaintiffs' failure to name the Trust as plaintiff in this case because "[t]he assignment attached to Plaintiffs' Reply fails to meet the requirements of a valid, enforceable contract and, as such, Plaintiffs have failed to establish that they were validly assigned the Trusts' claims."  Docket No. 32 at 1.  In addition, defendant contends that plaintiffs have "failed to show that the assignment was permitted under the Trust's trust documents."  *Id.* at 2.  Defendant represents that it did not "have

sufficient time to conduct discovery concerning the trust documents before this Sur-reply was due," and requests that the Court find that, because plaintiffs have failed to establish the validity of the assignment, they have failed to show that the magistrate judge's recommendation is moot. *Id.* at 2-3.

"An 'assignment' is a transfer of property or some other right from one person (the 'assignor') to another (the 'assignee'), which confers a complete and present right in the subject matter to the assignee." 6 Am. Jur. 2d Assignments § 1. The right to sue, or a "chose in action," is "generally assignable . . . if there is no statutory or contractual provision prohibiting its assignment, or unless it is contrary to public policy." 6 Am. Jur. 2d Assignments § 44; *see also Millennium Bank v. UPS Capital Bus. Credit*, 327 P.3d 335, 339 (Colo. App. 2014) (quotation and alteration marks omitted) ("A 'thing in action,' also known as a 'chose in action,' is a right to receive or recover a debt, or money, or damages for breach of contract, or for a tort connected with contract, but which cannot be enforced without action."). The party asserting that an assignment has occurred bears the burden of establishing the assignment's validity. *Nat'l Advertising Co. v. Sayers*, 356 P.2d 483, 483 (Colo. 1960).[3]

The new issues raised by the parties related to the purported assignment of the Trust's chose in action exceed the scope of the magistrate judge's recommendation and plaintiffs' objections thereto. Given that defendant has raised questions as to the validity of the assignment document submitted by plaintiffs, but plaintiffs have not had,

---

[3] An assignment "is interpreted or construed according to the rules of contract construction." 6 Am. Jur. 2d Assignments § 1.

or sought, an opportunity to respond to those arguments, the Court is unable to rule on the validity of the assignment document submitted by plaintiffs.  For this reason, the Court will accept the magistrate judge's recommendation, grant defendant's motion, and order plaintiffs to add the Trust as a plaintiff to this lawsuit as the real party in interest.  However, should plaintiffs establish the validity of the assignment, demonstrating that the Trust has transferred its interests in this litigation to plaintiffs, plaintiffs will be permitted to discharge the Trust as a party.

## IV.  CONCLUSION

For these reasons, it is

**ORDERED** that the Report and Recommendation on Defendant's Motion to Substitute Plaintiff [Docket No. 24] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Motion to Substitute Plaintiff [Docket No. 17] is **GRANTED**.  It is further

**ORDERED** that, within 14 days of the entry of this Order, plaintiffs shall add the Trust as a plaintiff in this action with respect to the CERCLA, nuisance, and trespass claims.

DATED August 20, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge